IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT VANDERPLOEG,         )
                                       )
               Plaintiff,        )
                                       )     CIVIL ACTION
vs.                                 )
                                     )     FILE No.
PERRY'S RESTAURANTS, LTD.     )
and J & J CENTER, LLC,          )
                                       )
            Defendants.    )

## COMPLAINT

COMES NOW, ROBERT VANDERPLOEG, by and through the undersigned counsel, and files this, his Complaint against Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants', PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff, ROBERT VANDERPLOEG (hereinafter "Plaintiff"), is and has been at all times relevant to the instant matter, a natural person residing in Houston,

1

Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant PERRY'S RESTAURANTS, LTD. (hereinafter "PERRY'S RESTAURANTS, LTD.") is a Texas limited company that transacts business in the State of Texas and within this judicial district.

8.      PERRY'S RESTAURANTS, LTD. may be properly served with process via its registered agent for service, to wit: Christopher V. Perry, Registered Agent, 9821 Katy Freeway, Suite 500, Houston, TX  77024.

9.      Defendant J & J CENTER, LLC (hereinafter "J & J CENTER, LLC") is a

Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.     J & J CENTER, LLC may be properly served with process via its registered agent for service, to wit:  Jennifer Tran, Registered Agent, 12790 Scarsdale Boulevard, Houston, TX  77089.

## 11.     FACTUAL ALLEGATIONS

12.     On or about April 18, 2018, Plaintiff was a customer at "Perry & Sons Market & Grill," a business located at 12839 Scarsdale Boulevard, Houston, Texas 77089, referenced herein as the "Perry & Sons."

13.     PERRY'S RESTAURANTS, LTD. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14.     J & J CENTER, LLC is the owner or co-owner of the real property and improvements that Perry & Sons is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives 7 miles from Perry & Sons and the Property.

16.     Plaintiff's access to the business(es) located 12700-12850 Scarsdale Boulevard, Houston, Texas 77089, Harris County Property Appraiser's account number 1173140000001 and 1173140000002 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, are compelled to remove the physical

barriers to access and correct the ADA violations that exist at Perry & Sons and the Property, including those set forth in this Complaint.

17.  The Property is comprised of two parcels, both owned by J & J CENTER, LLC and the parcels share a common parking lot and access route.

18.  Plaintiff has visited Perry & Sons at least three times before.  Plaintiff intends on revisiting Perry & Sons in the very near future, to determine if and when Perry & Sons is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19.  Plaintiff intends to revisit Perry & Sons and the Property to purchase goods and/or services as well as for Advocacy Purposes.

20.  Plaintiff travelled to Perry & Sons and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Perry & Sons and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Perry & Sons and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21.  On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

22.  Congress found, among other things, that:

(i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

4

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26.     Perry & Sons is a public accommodation and service establishment.

27.     The Property is a public accommodation and service establishment.

28.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

30.     Perry & Sons must be, but is not, in compliance with the ADA and ADAAG.

31.     The Property must be, but is not, in compliance with the ADA and ADAAG.

32.     Plaintiff has attempted to, and has to the extent possible, accessed Perry & Sons and the Property in his capacity as a customer of Perry & Sons and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA

6

violations that exist at Perry & Sons and the Property that preclude and/or limit his access to Perry & Sons and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.    Plaintiff intends to visit Perry & Sons and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Perry & Sons and the Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Perry & Sons and the Property that preclude and/or limit his access to Perry & Sons and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.    Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Perry & Sons and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35.    Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, are compelled

to remove all physical barriers that exist at Perry & Sons and the Property, including those specifically set forth herein, and make Perry & Sons and the Property accessible to and usable by Plaintiff and other persons with disabilities.

36.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or as made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Perry & Sons and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Perry & Sons and the Property include, but are not limited to:

    **(a)     ACCESSIBLE ELEMENTS:**

    (i)     The Property has at least one ramp on the northern end of the Property with a clear width less than 36 inches in violation of Section 405.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

    (ii)     The Property has a ramp on the northern end of the Property leading from the accessible parking space to the accessible entrances with a slope exceeding 1:10 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

    (iii)     The ramp on the northern end of the Property has side flares with a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards.

This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iv) The accessible parking spaces on the north end of the Property are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(v) The access aisles to all the accessible parking spaces on the Property are not level due to the presence of a ramp in the access aisles in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi) The ground surfaces of the accessible spaces and access aisles have vertical rises in excess of ¼ inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vii) The surface slope of the accessible parking spaces and access aisles exceed 1:48 in violation of section 502.4 of the 2010 ADAAG Standards.

(viii) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ix)     There is a doorway threshold with a vertical rise in excess of 1/2" and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access Danny's Doughnuts.

(x)      The interior of Pho Hai Van has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at Pho Hai Van.

(xi)     The door of the restroom area of Danny's Doughnuts lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

(xii)    The interior of Perry & Sons Market and Café has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at Perry & Sons Market and Café.

(xiii)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

10

**DANNY'S DOUGHNUTS RESTROOMS**

(i)     The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(ii)    There is inadequate clear turning space in the stall in violation of Section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(v)     The restroom lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

**PHO HAI VAN RESTROOMS**

(i)     The accessible toilet stall door is partially blocked by the proximity of the trash and hand drying device and therefore violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(ii)    The height of coat hook located in accessible restroom stall is above 48"
from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG
standards. This made it difficult for Plaintiff to utilize the restroom
facilities.

(iii)   The accessible toilet stall door is not self-closing and/or otherwise violates
Section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for
the Plaintiff to safely utilize the restroom facilities.

(iv)    The restrooms in Pho Hai Van have grab bars adjacent to the commode
which are not in compliance with Section 604.5 of the 2010 ADAAG
standards as the side bar is too short. This made it difficult for Plaintiff to
safely utilize the restroom facilities.

(v)     The hand operated flush control is not located on the open side of the
accessible toilet in violation of Section 604.6 of the 2010 ADAAG
standards. This made it difficult for Plaintiff to safely utilize the restroom
facilities.

(vi)    There is inadequate clear turning space in the stall in violation of Section
603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff
to safely utilize the restroom facilities.

(vii)   The paper towel dispenser in the restroom is located outside the prescribed
vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG

standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(viii)  The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(ix)  The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(x)  Pho Hai Van lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(xi)  The door of the restroom entrance of Pho Hai Van lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff to safely utilize the restroom facilities.

(xii)  The door exiting the restroom lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

**PERRY & SONS MARKET AND CAFÉ RESTROOMS**

(i)      The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)     The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(iii)    The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)     The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)      The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(vi)     The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section

308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)  The door of the restroom entrance lacks a proper minimum maneuvering clearance, due to a policy of keeping highchairs and other objects in front of the men's restroom door, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix)   The clear width of the door providing access to the restrooms is less than 32 (thirty-two) inches, due to a policy of keeping highchairs and other objects in front of the men's restroom door, in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities

37.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Perry & Sons and the Property.

38.    Plaintiff requires an inspection of Perry & Sons and the Property in order to

15

determine all of the discriminatory conditions present at Perry & Sons and the Property in violation of the ADA.

39.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.      All of the violations alleged herein are readily achievable to modify to bring Perry & Sons and the Property into compliance with the ADA.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Perry & Sons and the Property is readily achievable because the nature and cost of the modifications are relatively low.

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Perry & Sons and the Property is readily achievable because Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, have the financial resources to make the necessary modifications.

43.     Upon information and good faith belief, Perry & Sons and the Property have been altered since 2010.

44.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and

until Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Perry & Sons and the Property, including those alleged herein.

46.     Plaintiff's requested relief serves the public interest.

47.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC.

48.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

49.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, to modify Perry & Sons and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, PERRY'S RESTAURANTS, LTD., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, J & J CENTER, LLC, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, PERRY'S RESTAURANTS, LTD. and J & J CENTER, LLC, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, PERRY'S

RESTAURANTS, LTD. and J & J CENTER, LLC, to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: June 14, 2018.

Respectfully submitted,

/s/  Douglas S. Schapiro
Douglas S. Schapiro
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Email: schapiro@schapirolawgroup.com